UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William T. Murphy, #165169, | ) C/A No. 5:14-1251-DCN-KDW |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Chris Landrum, Warden, Suwannee Correctional Institution, | ) |
| | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner, a state prison inmate appearing pro se, submitted a Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254 to the court.[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local

Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in

such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§

1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to

determine whether they are subject to summary dismissal).

I.    Factual and Procedural Background

William T. Murphy (Petitioner) is a Florida state prisoner who was arrested in Kershaw

County, South Carolina on August 8, 1994 and extradited to Florida from Kershaw County on August

1, 1995 so he could face the Florida charges of which he was ultimately convicted and sentenced to life

---

[1] Petitioner originally submitted his Petition on a form designated for use in submitting a habeas corpus petition pursuant to 28 U.S.C. § 2241. ECF No. 1. Following initial review, he was directed to place his allegations on a court-approved form for petitions pursuant to 28 U.S.C. § 2254 because it appeared that Petitioner was challenging a South Carolina state court criminal judgment.  Upon further review, it is questionable whether the type of state criminal final judgment requiring challenges be made pursuant to § 2254 was ever issued by the state court in Kershaw County. Accordingly, this Report analyzes Petitioner's pleading under both § 2254 and § 2241.

in prison. Pet. 6, ECF No. 11-3 (allegations from Petition originally filed in this case; now an attachment to the Amended Petition); *see Murphy v. Haley*, Civil Action No. 3:11-2663-CMC (Order Adopting Report and Recommendation, ECF No. 46)[2]; *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records."'). Available federal district court records from Florida show that Petitioner was convicted on March 12, 1996 on several state criminal charges in Brevard County, Florida and sentenced to the life sentence he is now serving in the Florida State Prison System. *See Murphy v. Lambdin*, No. 1:05-cv-20442-PAS (S.D. Fla.) (Pet. 1, ECF No. 1) (Petitioner's § 2254 Habeas Petition); *see also Colonial Penn Ins. Co. v. Coil*, 887 F. 2d at 1239 (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue).

Petitioner does not make it clear what relief he seeks from this court. It appears that he wants this court to overturn both his extradition from South Carolina and the nolle pros dismissals of three South Carolina state criminal charges: kidnapping, assault and battery with intent to kill ("ABWIK"), and first-degree criminal sexual conduct ("CSC"), that were filed against him and on which he was detained in Kershaw County prior to being extradited back to Florida. Am. Pet. 5-13, ECF No. 11. Petitioner alleges that the nolle pros dismissals of the three South Carolina state criminal charges violated his Fourteenth Amendment rights because such dismissals do not equate to acquittals. *Id*. at 5-6. He also seeks to challenge his extradition from South Carolina to Florida, contending that he was not appointed legal counsel, that he was wrongly identified as a Florida fugitive in Kershaw County through perjured testimony, and that he has newly discovered evidence in the form of a medical report

---

[2] Review of this court's records disclose that between October 2011 and May 2012, Petitioner actively, but unsuccessfully, litigated this civil action pursuant to 42 U.S.C. § 1983 in this court against Kershaw County officials who were involved in his August 8, 1994 arrest that ultimately led to his extradition to Florida. *Murphy v. Haley*, 3:11-2663-CMC.

refuting the physical description used to identify him during the extradition process. *Id*. at 7-10.

Petitioner alleges that he was told at the time of his extradition that he could not file a direct appeal from that decision, and it appears that he did not file any type of state or federal challenge to the proceedings before he was extradited to and convicted in Florida. *Id*. at 2, 5, 6, 7, 9, 10, 11, 12. He further alleges that he filed motions in the South Carolina Court of Appeals for a belated appeal and/or habeas corpus and for appointment of counsel on February 12, 2013 and submitted amended pleadings on July 12, 2013, but asserts that he has been unable to obtain any action by that court. ECF No. 11-3 at 8. In the Amended Habeas Petition now under initial review, the only relief requested is "Grant of Habeas Corpus." Am. Pet. 15, ECF No. 11.

II.    Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal

3

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

III.    Analysis

A.    Challenge to the Extradition Process

Regardless of whether it is considered a § 2254 or a § 2241 Petition, the Petition now under review should be summarily dismissed because this court does not have subject matter jurisdiction to consider Petitioner's allegations challenging his extradition from South Carolina to Florida for two reasons: Petitioner is no longer in custody in South Carolina; and the Petition herein was not timely filed. Courts have held that persons detained in one state pending extradition to another state may file a federal habeas corpus petition to challenge the extradition after exhausting whatever state remedies the detained person might have; however, such a challenge must take place before the extradition process is complete. If the habeas petition is filed in the federal district court covering the area from which the extradition went forward ("the asylum or custodian state," here South Carolina) after the petitioner has already been sent to the demanding state (here, Florida), the petition cannot be considered because the petitioner is, then, no longer in custody in the sending state and the federal court in the sending state

4

cannot obtain personal jurisdiction over the petitioner's custodian in the demanding state. *See Gee v. State of Kansas*, 912 F.2d 414, 416 (10th Cir. 1990) (§ 2241 petition dismissed, citing *Frisbie v. Collins*, 342 U.S. 519, 522 (1952)); *see also Pressly v. Gregory*, 831 F.2d 514, 518-19 (4th Cir. 1987) (§ 1983 action treated as a habeas claim seeking to challenge transfer via detainer from Virginia to South Carolina after the transfer process was complete dismissed; federal district court covering area of Virginia from which transfer proceeded without jurisdiction over the petitioner's South Carolina custodian); *White v. Boulder Cnty.*, 44 F. App'x 912, 913 (10th Cir. 2002) (affirming dismissal of § 2254 petition challenging extradition from Utah to Colorado in Utah court); *Tingle v. Tenn. Dep't Corr.*, 932 F.2d 969, 969 (6th Cir. 1991) (unpublished, text available at 1991 WL 76310, *1) (affirming dismissal of § 2241 petition challenging extradition from Tennessee to Arkansas in Tennessee court).

In this case, Petitioner was extradited from South Carolina to Florida in 1995 and was convicted in 1996 on the Florida charges for which he is now serving a life sentence. The Solicitor in Kershaw County was correct when he told Petitioner that there was no direct appeal from an extradition ruling. *See, e.g.*, *Peroff v. Hylton*, 563 F.2d 1099, 1102 (4th Cir. 1977); 31A Am. Jur. 2d *Extradition* § 117 (2014). However, Petitioner could have filed a state habeas petition in the South Carolina state courts and, thereafter, a federal habeas petition in this District to seek review of the propriety of the extradition process so long as he had done so before he was transferred into the custody of Florida. *See Presley v. South Carolina*, No. 8:13–cv–952–RMG, 2013 WL 6193361, *7 (D.S.C. Nov. 26, 2013) (collecting cases and citing to *King v. Noe*, 137 S.E.2d 102, 103 (S.C. 1964) (state habeas challenge to extradition)). However, as previously noted, it does not appear that he filed any habeas corpus actions during the time that he was detained in Kershaw County pending extradition. Accordingly, this court cannot now consider his allegations of improper or

5

unconstitutional extradition because he is no longer present and in custody within the geographical boundaries of South Carolina or this court. Accordingly, to the extent that it seeks to challenge the extradition process that resulted in his transfer to Florida to face the charges of which he now stands convicted, the Amended Petition under review should be summarily dismissed for lack of subject matter jurisdiction.

B.    Challenges to Dismissal of the Kershaw County Criminal Charges

The majority view in this country is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying conviction. *See Thomas v. Crosby,* 371 F.3d 782, 787 (11th Cir. 2004); *Coady v. Vaughn*, 251 F.3d 480,   (3d Cir. 2001); *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001); *Walker v. O'Brien*, 216 F.3d 626, 632-33 (7th Cir. 2000). While § 2241 may be appropriate for challenges to confinement or custody not pursuant to a state court judgment, such as when state or federal charges are pending but have not yet been reduced to a judgment of conviction, such challenges are cognizable only in the district where the petitioner is then confined and only when the petitioner can show that he is "in custody" on the pending charges being challenged. *See Rumsfield v. Padilla*, 542 U.S. 426, 446-47 (2004) (habeas petition must be filed in district where court can obtain jurisdiction over the petitioner's custodian); *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 494-500 (1973) (same); *Kanai v. McHugh,* 638 F. 3d 251, 255-56 (4th Cir. 2011) (same); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989) (habeas statute gives federal courts the authority to issue a writ only if the petitioner is in custody); *Pringle v. Ct. of Common Pleas*, 744 F.2d 297, 300 (3d Cir. 1984) (same).

This court is without subject matter jurisdiction to consider under either  § 2254 or § 2241 Petitioner's contentions that the Kershaw County Solicitor should not have nolle prossed the three state charges that were lodged against him following his August 8, 1994 arrest. Petitioner cannot show

that he is challenging any currently valid state court judgments of conviction or that he is in custody on any of those charges anywhere within the geographical boundaries of this court. Petitioner acknowledges, and the online records of the Kershaw County General Sessions Court show, that two of the South Carolina criminal charges (ABWIK, CSC) were dismissed on August 1, 1995 and the third one (kidnapping) was dismissed on December 11, 1996. *See* S.C. Jud. Dep't, http://publicindex.sccourts.org/Kershaw/PublicIndex/PISearch.aspx. As a result, no state court judgment was ever entered on any of those charges. Without such judgments, this court cannot consider Petitioner's challenges pursuant to § 2254. Moreover, Petitioner is not now, nor was he at the time of filing this case, in custody on those dismissed charges anywhere within South Carolina, meaning this court cannot consider Petitioner's challenges pursuant to § 2241. Instead, Petitioner is currently in custody in Florida on the Florida state criminal judgments of conviction that were entered against him after he was extradited to that state. As a result, this court is without subject matter jurisdiction under either § 2254 or § 2241 to consider Petitioner's challenge to the Kershaw County Solicitor's dismissal through nolle pros of those three charges.

IV.    Recommendation

Accordingly, it is recommended that the Amended Petition for a Writ of Habeas Corpus in this case be dismissed *with prejudice*.

IT IS SO RECOMMENDED.

June 26, 2014                                                    Kaymani D. West
Florence, South Carolina                               United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503
